UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| BRANDON LYNELL PRICE, | Civil No. 10-CV-01357-H (WVG) |
|---|---|
| Petitioner, | **ORDER DENYING PETITIONER'S MOTION TO HOLD FEDERAL HABEAS PETITION IN ABEYANCE** |
| vs. | |
| DOMINGO URIBE, Warden | |
| Respondent. | |

On June 23, 2010, Brandon Lynell Price ("Petitioner"), a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) On February 25, 2011, the magistrate judge filed a Notice Regarding Possible Dismissal for Failure to Exhaust State Court Remedies, based on Petitioner's failure to present claim numbers 4 and 7 of his petition to the state supreme court. (Doc. No. 21 at 1.) On March 30, 2011, Petitioner filed a Motion to Stay and Abey the Federal Proceedings ("Motion to Stay and Abey"), pending exhaustion of his state court remedies. (Doc. No. 22.) On April 2, 2011, Respondent filed an Opposition to Petitioner's Motion. (Doc. No. 23.) Finally, on June 30, 2011, the magistrate judge issued a Report and Recommendation, recommending that the Court deny Petitioner's Motion to Stay and Abey. (Doc. No. 24.) For the reasons set forth below, the Court adopts the Report and Recommendation, and **DENIES** Petitioner's Motion to Stay and Abey.

I. BACKGROUND

On June 29, 2005, a jury found Petitioner guilty of second degree murder and shooting at an occupied vehicle. (Doc. No. 4 at 1; Doc. No. 4-1 at 1-2.) On November 30, 2005, a second

jury convicted Petitioner of attempted robbery and assault with a firearm. (Doc. No. 4 at 1; Doc. No. 4-1 at 1-2.) The trial court imposed a sentence of 28 years to life. (Doc. No. 4-1 at 2.) On January 12, 2009, the California Court of Appeal affirmed the judgment. (Lodg. No. 3.) On March 25, 2009, the California Supreme Court denied a petition for review. (Lodg. No. 5.) While Petitioner filed no state habeas petitions, (see Doc. No. 1 at 3-4), Respondent admits that, but for claim numbers 4 and 7, Petitioner exhausted all other claims on direct appeal. (Doc. No. 18 at 2.) Petitioner admits that claims 4 and 7 are unexhausted. (Doc. No. 22 at 2.) In claim number 4, Petitioner alleges that "trial counsel was ineffective" in failing to object to the admission of certain witness testimony. (Doc. No. 4 at 9.) In claim number 7, Petitioner likewise alleges "ineffective assistance of trial counsel," but "for failure to object to coercion of a witness." (Id. at 12.) Petitioner seeks a stay and abeyance of federal habeas proceedings so that he can exhaust these claims in state court. (Doc. No. 22.)

## II.   DISCUSSION

A district court may properly stay a petition for purposes of claim exhaustion in state court when three requirements are met: (1) the petitioner had good cause for his failure to exhaust his claims in state court, (2) the unexhausted claims are potentially meritorious, and (3) there is no indication the petitioner engaged in intentionally dilatory litigation tactics. Rhines v. Weber, 544 U.S. 269, 277-78 (2005). However, "granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts," frustrating the Antiterrorism and Effective Death Penalty Act's objective of encouraging petitioners to seek relief from state courts in the first instance. See id. at 277. Accordingly, stay and abeyance should be granted "only in limited circumstances . . . where the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. To grant a stay in the absence of good cause would likely constitute an abuse of discretion. See id.

Here, the Court concludes that Petitioner lacks good cause for his failure to exhaust claims number 4 and 7 in state court. Petitioner contends that appellate counsel's failure to fully advise him of the exhaustion requirements before Petitioner filed this petition amounts to good cause. (See Doc. No. 22 at 4-5.) However, where, as in habeas proceedings, there is no right

to counsel, attorney mistakes do not constitute "good cause." See Coleman v. Thompson, 501 U.S. 722, 752-53 (1991) (holding that where a petitioner "had no right to counsel to pursue his appeal in state habeas, any attorney error that led to the default of [petitioner]'s claims in state court cannot constitute cause."). Thus, Petitioner has not shown good cause for his failure to exhaust state court remedies. See id. Additionally, that Petitioner seeks a further delay after waiting more than a year to file his habeas petition, (see Lodg. No. 5; Doc. No. 1), provides some indication of dilatory tactics. See Rhines, 544 U.S. at 277-78.

Having considered the Rhines factors, particularly Petitioner's lack of good cause, the Court, in its discretion, **DENIES** Petitioner's Motion to Stay and Abey.

**IT IS SO ORDERED.**

DATED: August 3, 2011

*/s/ Marilyn L. Huff*

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT