# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON LYNELL PRICE,<br><br>                  Petitioner,<br>vs.<br><br>DOMINGO URIBE, Warden, et al.,<br><br>                  Respondent. | CASE NO. 10-CV-1357-H (WVG)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND ADOPTING THE REPORT AND RECOMMENDATION** |

On August 23, 2010, Petitioner Brandon Lynell Price ("Petitioner"), a state prisoner proceeding pro se, filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction. (Doc. No. 4.) On February 25, 2010, Respondent Domingo Uribe ("Respondent") filed an answer to petition for writ of habeas corpus. (Doc. No. 18.) On August 5, 2011, the magistrate judge issued a Report and Recommendation ("R&R") that the Court deny the petition. (Doc. No. 27.) On October 7, 2011, Respondent filed an objection to the R&R. (Doc. No. 38.)

The Court, pursuant to its discretion under Local Rule 7.1(d)(1), determines this matter is appropriate for resolution without oral argument and submits the matter on the papers. For the reasons below, the Court denies the petition and adopts the report and recommendation.

## Background

Petitioner challenges his conviction for second degree murder, shooting at an occupied

vehicle, attempted robbery, and assault with a firearm. (Doc. No. 4.) He raises due process, confrontation clause and ineffective assistance of counsel claims in support of his petition. Id.

On June 29, 2005, a jury found Petitioner guilty of second degree murder and shooting at an occupied vehicle. People v. Price, No. D048215, 2009 WL 62979, *1 (Cal. Ct. App. Jan 12, 2009), see also (Doc. No. 18 at 1.) The jury found that Petitioner had committed these offenses for the benefit of a criminal street gang within the meaning of Cal. Penal Code § 186.22. Price, 2009 WL 62979, at *1; see also (Doc. No. 18 at 1.) The jury did not reach a decision on two remaining counts, attempted robbery and assault with a firearm. (Doc. No. 18. at 1.) The court declared a mistrial on those counts. Id.

On November 30, 2005, at a retrial, a second jury found Petitioner guilty of the attempted robbery and assault with a firearm. Id. at 1. The jury found that Petitioner's commission of these offenses had met the requirements for the firearm enhancements but not for the gang enhancements.[1] Price, 2009 WL 62979, at *2. On March 2, 2006, Petitioner was sentenced to 28 years to life in prison. (Doc. No. 18 at 1.)

**Discussion**

**I. Scope of Review and Applicable Legal Standard.**

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party objects to any portion of a magistrate judge's report, the district court "shall make a de novo determination of those portions of the report . . . to which objection is made." Id. A federal court may review a petition for writ of habeas corpus by a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C § 2254(a); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000).

Petitioner filed this petition after April 24, 1996, and therefore the Anti-Terrorism and

---

[1] The Court takes notice of the facts of the case from the California Court of Appeal opinion in People v. Price, No. D048215, 2009 WL 62979 (Cal. Ct. App. Jan 12, 2009), and from Respondent's Answer. (Doc. No. 18.)

Effective Death Penalty Act of 1996 ("AEDPA") governs the petition. See Lindh v. Murphy, 521 U.S. 320, 327 (1997). The amended Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") 28 U.S.C. § 2254(d) provides the following standard of review applicable to state court decisions:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A federal court may grant habeas relief under the "contrary to" clause of § 2254(d)(1) if a state court either (1) "applies a rule that contradicts the governing law set forth in [the Court's] cases" or (2) "confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [the Court's] precedent." Williams v. Taylor, 529 U.S. at 405-06.

A federal court may grant habeas relief under the "unreasonable application" clause of § 2254(d)(1) if the state court "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407. A federal court may also grant habeas relief "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. The state court's "unreasonable application" must be objectively unreasonable to the extent that the state court decision is more than merely incorrect or erroneous. See Lockyer v. Andrade, 538 U.S. 63, 75 -76 (2003).

Habeas relief is also available under § 2254(d)(2) if Petitioner can demonstrate that the factual findings upon which the state court's adjudication of his claims rest are objectively unreasonable. See Miller-El v. Cockrell, 537 U.S. 322, 340 (2003). The state court's factual

determinations are presumed to be correct. See 28 U.S.C. § 2254(e)(1); Summer v. Mata, 449 U.S. 539, 545-47 (1981). Petitioner has the burden of rebutting this presumption by clear and convincing evidence. Id.

Additionally, even if a state court decision is contrary to United States Supreme Court precedent or rests on an unreasonable determination of facts in light of the evidence, Petitioner must show that such error caused substantial or injurious prejudice. See Penry v. Johnson, 532 U.S. 782, 795 (2001) (quoting Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993)). AEDPA creates a highly deferential standard towards state court rulings. See Womack v. Del Papa, 497 F.3d 998, 1001 (9th Cir. 2007).

## II. Petitioner's Claims.

### A. The California Courts Properly and Reasonably Rejected Petitioner's Uncorroborated Accomplice Testimony Claim.

Petitioner first claims a due process violation on the grounds that his convictions for second degree murder and shooting at an occupied vehicle relied upon uncorroborated testimony. (Doc. No. 4.) Under California law, a "conviction cannot be had upon the testimony of an accomplice unless it be corroborated by such other evidence as shall tend to connect the defendant with the commission of the offense." Cal. Penal Code § 1111. However, "[t]he evidence need not corroborate the accomplice as to every fact to which he testifies. People v. Bunyard, 49 Cal. 3d 1189, 1206 (1988). Petitioner argues that the evidence of his involvement in the offenses consisted of trial testimony and prior statements of accomplices Benjamin Oyeka, Jarius Bush, and Ontarion Dodson. (Doc. No. 4 at 6.) Since these witnesses were accomplices in the commission of the offenses, Petitioner contends that their testimony required corroboration.

Accordingly, Petitioner's argument relies on California state law. Under the tenets of Jackson v. Y1st, federal courts "have no authority to review a state's application of its own laws." Jackson, 921 F.2d 882, 885 (9th Cir. 1990). The Court is generally bound by the state's interpretation of its own law. Estelle v. McGuire, 502 U.S. 62, 68 (1991). An exception to this rule exists when "errors of state law . . . rise to the level of a constitutional

violation." Oxborrow v. Eikenberry, 877 F.2d 1395, 1400 (9th Cir. 1989). Under federal law, "uncorroborated testimony of an accomplice is sufficient to sustain a conviction unless it is incredible or insubstantial on its face." United States v. Necoechea, 986 F.2d 1273, 1282 (9th Cir. 1993); see also Laboa v. Calderon, 224 F.3d 972, 979 (9th Cir. 2000) (habeas relief is warranted for the admission of uncorroborated accomplice testimony only if the testimony is incredible or insubstantial on its face, or if the defendant was denied his due process right to fundamental fairness). Accordingly, federal habeas relief is only justified if the prior court's rejection of this claim was either contrary to or an unreasonable application of clearly established Supreme Court authority. 28 U.S.C. § 2254 (d)(1).

Here, Okeya, Bush and Dodson all testified that they picked up Petitioner just prior to the chase of Duncan's car and the murder. (7 RT 1259-1262; 8 RT 1528-1529.) Further, all three of the witnesses testified that Petitioner got into the back seat of Oyeka's car and that Petitioner had a gun. (7 RT 1263, 1281, 1426; 8 RT 1532, 1546, 1606; 10 RT 1893.) Dodson then testified that he heard the window that Petitioner was sitting next to roll-down and then heard shots fired from exactly where Petitioner was sitting. (10 RT 1908.) Additionally, District Attorney Investigator Barrios testified that Dodson told him that he heard Petitioner say moments after shots were fired that "I think I hit somebody." (10 RT 1991.) Accordingly, there is no evidence that this testimony was incredible or insubstantial on its face.

Moreover, as established by the California Court of Appeal, the testimony given by Okeya, Bush and Dodson was corroborated by non-accomplice testimony. Price, 2009 WL 62979, at *34. Ashley Bush, a third-party non-accomplice, testified that she saw Bush and Petitioner get into Oyeka's car prior to the shooting. Id. This testimony corroborates the testimony given by Okeya, Bush and Dodson. Therefore, since corroborative evidence did exist that would allow the jury to reasonably conclude that Okeya, Bush and Dodson were telling the truth, the testimony by Okeya, Bush and Dodson was proper under California law.

In conclusion, the California courts' rejection of this claim was neither contrary to nor an unreasonable application of clearly established Supreme Court authority and therefore not a violation of due process. 28 U.S.C §2254(d)(1). Thus, this Court is bound by the state

courts' interpretation of state law.  See Bradshaw v. Richey, 546 U.S. 74, 76 (2005). Accordingly, the Court denies Petitioner's uncorroborated testimony claim.

### B. The Court Properly Instructed the Jury on Aider and Abettor Liability.

Petitioner's second ground for relief is that the jury was improperly instructed on the issue of liability as an aider and abettor in the commission of the second degree murder and shooting at an occupied vehicle.  Specifically, Petitioner contends that the jury instruction given should require an actual breach of the peace, not the proposed breach of the peace. (Doc. No. 4 at 7.)

The role of a federal habeas court is limited to "deciding whether a conviction violated the Constitution, laws, or treaties of the United States." 28 U.S.C. § 2254(a).  The Supreme Court has held that claims of instructional error to a state jury "generally may not form the basis for federal habeas relief." Gilmore v. Taylor, 508 U.S. 333, 343-44 (1993).  Federal habeas relief is available only when an erroneous jury instruction has infected the trial process to the point that the resulting conviction violates due process. Estelle, 502 U.S. at 72.  In this case, federal habeas relief is precluded because Petitioner has not shown that the instruction was improper or that the jury used it in a way to relieve the prosecution of its burden of proof. See Waddington v. Sarausad, 555 U.S. 179, 190-91 (2009).

Here, there is reasonable and sufficient testimony that would allow a rational trier of fact to conclude that the murder was a natural and probable consequence of a breach of the peace Petitioner aided and abetted.  First, Bush testified that it was their plan to chase Duncan's car until it stopped and that everyone in the car was promoting, instigating and encouraging a fight. (7 RT 1265; 8 RT 1530, 1542.)  Second, Bush also testified that there was going to be a fight. (8 RT 1542.)  Additionally, he testified that he saw Petitioner with a gun. (7 RT 1266; 8 RT 1546.)  Therefore, there is reasonable and sufficient testimony establishing that the murder was a natural and probable consequence of a breach of the peace Petitioner aided and abetted.

Furthermore, the California Court of Appeal considered this issue and concluded that the jury instruction was proper. Price, 2009 WL 62979, at *48.  After a full review of the

record, the California Court of Appeal correctly held that Petitioner had in fact aided and abetted an actual ongoing breach of the peace and that the jury instruction was consequently justified. Price, 2009 WL 62979, at *48. Thus, there was sufficient evidence to support the giving of the jury instruction because it was reasonably inferred from the above facts that Petitioner planned to aid and abet the breach of the peace and in fact a breach of the peace did occur when the Petitioner shot into an occupied vehicle resulting in the murder.

In conclusion, the giving of the jury instruction was neither contrary to nor an unreasonable application of clearly established Supreme Court authority because the jury instruction has not infected the trial process to the point that the resulting conviction violates due process. 28 U.S.C §2254(d)(1); Estelle, 502 U.S. at 72. Accordingly, the Court denies Petitioner's improper jury instruction claim.

### C. The California Court of Appeal Properly Concluded That Banks' Testimony Was Not Coerced.

Petitioner also contends that his convictions for attempted robbery and firearm assault violated his due process and fair trial rights because of allegedly coerced witness testimony from Banks. (Doc. No. 4.) The Respondent notes that Petitioner failed to object to the admission of Banks' testimony on grounds of coercion at trial. Price, 2009 WL 62979, at *68.

The California Court of Appeal determined that his claim of coerced testimony was procedurally barred by Petitioner's failure to contemporaneously object at trial. Id. "Federal habeas claims must be dismissed where state courts have decided the claim on state procedural grounds." Inthavong v. Lamaque, 420 F.3d 1055, 1058 (9th Cir. 2005). As a result, Petitioner presents no valid federal due process claim concerning Banks' testimony.

Even if Petitioner's claim was not procedurally barred, Petitioner has not shown that Banks' testimony was coerced. In the Ninth Circuit, a claim that coerced testimony was improperly introduced is analyzed under the due process clause of the Fourteenth Amendment. Napue v. Illinois, 360 U.S. 264, 269 (1959). A Petitioner is entitled to habeas relief if the trial court's admission of a witness's coerced testimony rendered the trial so fundamentally unfair as to violate due process. See Williams v. Woodford, 306 F.3d 665, 691-94 (9th Cir. 2002).

Here, the prosecutor's agreement to place Banks in the witness protection program only required that Banks testify fully and truthfully. (21 RT 3348-52, 3364, 3391, 3426.) There is nothing in the record indicating that Banks' possible placement in a witness protection program was contingent upon bearing false witness to the events in question.[2] Additionally, the prosecution's case did not depend substantially upon Banks' testimony. Velasquez identified Petitioner and Banks as the individuals involved in the attempted robbery and acquired the license plate of their car. (18 RT 3038-41, 19 RT 3091-11.) Therefore, the admission of Banks' testimony did not render "the trial so fundamentally unfair as to violate due process." Williams v. Woodford, 384 F.3d 567, 594 (9th Cir. 2002). Thus, the California Courts' rejection of this claim was neither contrary to nor an unreasonable application of clearly established Supreme Court authority. 28 U.S.C. § 2254(d)(1). Accordingly, the Court denies Petitioner's coerced testimony claim.

### D. Ineffective Assistance of Counsel Claim.

Petitioner next argues that his trial counsel was ineffective because counsel failed to object to Banks' alleged coercive testimony. Additionally, he argues he should be allowed to assert his ineffective assistance of counsel claims because "application of waiver rule would result in a fundamental miscarriage of justice without furthering any substantial state interest." (Doc. No. 4 at 9.)

Claims of ineffective assistance of counsel are examined under Strickland v. Washington, 466 U.S. 668 (1984). A petitioner must show that counsel's performance was objectively deficient and that counsel's dereliction resulted in prejudice. Id. at 686; see also Knowles v. Mirzayance, 556 U.S. 111, 129 S. Ct. 1411, 1419 (2009) ("a defendant must show both deficient performance and prejudice in order to prove that he has received ineffective assistance of counsel"). Further, such showings must have a factual basis. U.S. v. Schaflander, 743 F.2d 714, 721 (9th Cir. 1984); see also U.S. v. Taylor, 802 F.2d 1108, 1119

---

[2] District Attorney Investigator Barrios testified that the witness relocation program had been explained to Banks in April 2004 but that he had not been promised placement in it. Price, 2009 WL 62979, at *62.

(9th Cir. 1986) (petitioner's burden of proof to show that counsel was ineffective was not met when he presented "only vague and speculative assertions."). Moreover, a federal court may properly deny a habeas claim if it clearly lacks merit. 28 U.S.C. § 2254(b)(2); Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005).

Here, Petitioner has not shown the elements of an ineffective assistance of counsel claim. See Mirzayance, 129 S. Ct. at 1419. Petitioner claims that his trial counsel was ineffective by failing to object to Banks' testimony. However, a counsel's failure to object is not prima facie evidence of ineffective assistance of counsel. See Mirzayance, 129 S. Ct. at 1420 ("defense counsel's performance was not deficient when he counseled [his client] to abandon a claim that stood almost no chance of success;" the Supreme Court "has never required defense counsel to pursue every claim or defense, regardless of its merit, viability, or realistic chance for success.")

Further, Petitioner has offered no evidence showing that counsel's decision not to object was an unreasonable legal strategy. See Strickland, 466 U.S. at 690 (holding a reasonable tactical decision not to object cannot form the basis for an ineffective assistance of counsel claim). Nor has Petitioner shown that if in fact counsel did make an objection, that it would have been sustained when considering its relevance and probative value. In fact, a failure to make a futile objection does not constitute ineffective assistance. James v. Borg, 24 F.3d 20, 27 (9th Cir. 1994). Thus, counsel's conduct was not sufficiently delinquent nor was the testimony of Banks coerced.

Lastly, Petitioner makes no showing that he was prejudiced by Banks' testimony. In fact, Petitioner had the opportunity to thoroughly question any inconsistencies in Banks' testimony and impeach him on his credibility. ( 19 RT 3230-31, 3245, 3257-63, 21 RT 3342-46, 3361-62.) Such questioning would reasonably counteract any failure to object to testimony on direct examination. Therefore, since Petitioner's claim lacks merit, the Court is permitted to deny it on the merits. Accordingly, the Court denies Petitioner's ineffective assistance of counsel claims.

///

### E. Cross-Examination Claim.

Petitioner also claims that he was denied his Sixth Amendment Confrontation Clause rights when the trial court unreasonably restricted the scope of his cross-examination of Banks. A court reviewing a Confrontation Clause claim must consider whether "(1) the excluded evidence was relevant; (2) whether there were other legitimate interests outweighing the defendant's interest; and (3) whether the exclusion of evidence left the jury with sufficient information to assess the credibility of the witness." United States v. Beardslee, 197 F.3d 378, 383 (9th Cir. 1999). Additionally, when the excluded testimony mirrored other testimony that was not excluded, the exclusion either does not violate the Confrontation Clause or is harmless error. See Plascencia v. Alameda, 467 F.3d 1190, 1201 (9th Cir. 2006).

Here, any restrictions upon Petitioner's cross-examination were prospective rulings by the trial court that certain questions might cause the court to allow the jury to see other additional material. In fact, Petitioner was not prohibited from cross-examining the witness. Rather, Petitioner was fully able to cross examine Banks on any bias, prejudice, prior inconsistent statements and motive. (19 RT 3230-32, 3245, 3257-63; 21 RT 3342-46, 3361-62.) Therefore, Petitioner has not met the first part of the Beardslee test because no evidence was excluded.

Further, Petitioner elected to cross-examine Banks using other material, without introducing material from the March 2004 interviews. Price, 2009 WL 62979, at *77; 21 RT 3230-31, 3244-63. This rendered the proposed cross-examination questions cumulative. As a result, the trial court's alleged prohibition did not violate the Confrontation Clause. See Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986). Additionally, Petitioner was able to present evidence attacking Banks' credibility. As a result, the purported exclusion did not deprive the jury of sufficient information to assess Banks' credibility. See Beardslee, 197 F.3d at 383. Therefore, the state court's decision rejecting this claim was not contrary to nor an unreasonable application of clearly established federal law because Petitioner was able to fully confront Banks through cross-examination. 28 U.S.C. § 2254(d)(1). Accordingly, the Court denies Petitioner's confrontation clause claim.

**F. The California Court of Appeal Properly Determined That the Prosecution Did Not Improperly Vouch for Banks.**

Petitioner's final ground for relief is that the prosecutor's opening statement improperly vouched for Banks. Specifically, he points to the prosecutor's statements that Banks had not been truthful with the DA's office initially and that the DA would not deal with people who were not truthful. Petitioner contends that the prosecutor thereby implied that Banks' trial testimony would be truthful because there was now an agreement between Banks and the prosecutors. Petitioner's trial counsel objected, arguing that the statement violated the court's pretrial ruling that the reason Banks' failed to receive a cooperating deal would not be discussed. Price, 2009 WL 62979, at *83. The court immediately reminded the jury that the statements of counsel were not evidence by stating: "[a]gain, I'm going to instruct the jury: the statements of counsel are not evidence." (4 Aug. RT 248.)

Improper vouching "consists of placing the prestige of the government behind a witness through personal assurances of the witness's veracity, or suggesting that information not presented to the jury supports the witness's testimony." Necoechea, 986 F.2d at 1276. When a prosecutor vouches for the credibility of a witness, the dangers are two-fold. U.S. v. Young, 470 U.S. 1, 18-19 (1985). First, it may "convey the impression that evidence not presented to the jury . . . supports the charges . . . and can thus jeopardize the defendant's right to be tried solely on the basis of the evidence presented to the jury." Id. Second, because "the prosecutor's opinion carries with it the imprimatur of the Government [it] may induce the jury to trust the Government's judgment rather than its own view of the evidence." Id. Further, to warrant habeas relief, prosecutorial vouching must so infect the trial with unfairness as to make the resulting conviction a denial of due process. Davis v. Woodford, 384 F.3d 628, 644 (9th Cir. 2004).

Here, the Court of Appeal found that there was no improper vouching by the prosecutor. Price, 2009 WL 62979, at * 83-85.) Rather, Petitioner took the statements from the record out of context. Id. The prosecutor's opening statements were confined to facts that would be presented at trial. Id. Further, there were no evidence or facts presented that were used to

bolster Banks' credibility. Id. First, the prosecutor stated that Banks had not been truthful during initial free talks. (4 Aug. RT 248.) Banks admitted at trial that he had lied during his initial free talk with the district attorney's office. (29 RT 3165-68.) The prosecutor then stated that the jury was going to hear testimony about the DA's policy for people who lied during free talks. (4 Aug. RT 248.) At no time did the prosecutor tell the jury that they do not offer deals or cooperating agreements with people who lied. Rather, the prosecutor merely stated that the jury would hear from a witness about the DA's policy. Id. The prosecutor concluded by stating that no deal was entered into with Banks. Id. Thus, the prosecutor was merely reciting what the jury would soon hear during testimony from various witnesses. Id. Therefore, any error would be rendered harmless by the curative instruction and the defense's extensive-cross examination of Banks.

Thus, the California court's rejection of Petitioner's claim was neither contrary to nor an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d)(1). Accordingly, the Court denies Petitioner's vouching claim.

## Conclusion

For the reasons stated, the Court denies the petition for writ of habeas corpus, adopts the report and recommendation, denies a request for an evidentiary hearing and denies a certificate of appealability. See Lambert v. Blodgett, 393 F.3d 943, 972 (9th Cir. 2004.)

**IT IS SO ORDERED.**

Dated: November 3, 2011

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT